**J. Bryant KASEY and Maryann Kasey, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 71–1636.**

United States Court of Appeals, Ninth Circuit.

March 13, 1972.

Rehearing Denied March 29, 1972.

J. Bryant Kasey, in pro. per.

Johnnie M. Walters, Asst. Atty. Gen., K. Martin Worthy, Chief Counsel, Washington, D. C., for appellee.

Before DUNIWAY, HUFSTEDLER and CHOY, Circuit Judges.

PER CURIAM:

The taxpayers appeal from a decision of the Tax Court, 54 T.C. 1642, which upheld the Commissioner's denial of certain deductions claimed by appellants for various litigation-related expenses, and which limited the amount of their deductions for travel expenses to 10-cents a mile.

■ The litigation in which appellants were involved during the years in which the deductions were claimed appears in Kasey v. Molybdenum Corporation of America, 9 Cir., 1964, 336 F.2d 560. The Tax Court ruled that the expenses attributable to that litigation must be considered to be either related to the defense or perfection of the title to property or a personal expense. There is ample support in the record for this characterization of those expenses. Personal expenses are not deductible under Section 262 of the Internal Revenue Code of 1954. Expenses incurred in the defense or perfection of the title to property are not currently deductible under Treasury Regulation § 1.212–1(k). Porter Royalty Pool Inc. v. Commissioner of Internal Revenue, 6 Cir., 1948, 165 F.2d 933, 936, cert. denied, 1948, 334 U. S. 833, 68 S.Ct. 1347, 92 L.Ed. 1760; Jones' Estate v. Commissioner of Internal Revenue, 5 Cir., 1942, 127 F.2d 231; Farmer v. Commissioner of Internal Revenue, 10 Cir., 1942, 126 F.2d 542, 544.

■ The appellants had the burden of proving that the actual expense of traveling in their personal car was greater than the 10-cents a mile allowed by the Commissioner under Rev.Rul. 64–10, 1964–1 Cum.Bull. (Part I) 667. Helvering v. Taylor, 1935, 293 U.S. 507, 55 S. Ct. 287, 79 L.Ed. 623; Rule 23, Tax Court Rules of Practice. The appellants failed to satisfy their burden of proof.

■ The appellants finally argue that the record-keeping requirements and the requirement that taxpayers shall prepare and file their tax returns, as established by the Internal Revenue Code and the Internal Revenue Service, violate their privilege against self-incrimination under the Fifth Amendment and amount to involuntary servitude, prohibited by the Thirteenth Amendment. There is no merit to these arguments. United States v. Sullivan, 1927, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037; Abney v. Campbell, 5 Cir., 1953, 206 F.2d 836, cert. denied, 1954, 346 U.S. 924, 74 S.Ct. 311, 98 L.Ed. 417. In arguing that the only proper tax would be something like a sales tax, the taxpayers seem to have overlooked the Sixteenth Amendment to the Constitution, which gives Congress "power to lay and collect taxes on incomes."

Affirmed.