WILLIAM H. CLAY and FRANCES V. CLAY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clay v. Commissioner
Docket No. 8322-71.
United States Tax Court
T.C. Memo 1975-151; 1975 Tax Ct. Memo LEXIS 222; 34 T.C.M. (CCH) 700; T.C.M. (RIA) 750151; May 19, 1975, Filed William H. Clay, pro se. Frederick W. Krieg, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined the following deficiencies: Year
Deficiency
1968
$ 758.22
1969
1,598.95
The issues for decision are (1) whether petitioners are entitled to the claimed deductions for the alleged business use of two automobiles in 1969, and (2) whether they are entitled to the claimed entertainment expense deductions in 1968 and 1969. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners, William H. and Frances V. Clay, husband and wife, filed joint income tax returns for 1968 and 1969 with the district director of internal revenue, Louisville, Kentucky. The petitioners resided in Louisville when they filed their petition. Mr. Clay was a practicing attorney in Louisville during the years at issue. In 1969 he also served on the Public Service Commission for the Commonwealth of Kentucky. Mrs. Clay worked as a real estate agent during the years at issue. 1. Automobile Expenses
Respondent disallowed $1,956.35 *224 of the $3,156.35 deduction claimed in 1969 by petitioners for expenses attributable to the business use of two automobiles, a 1969 Mercury and a 1961 Buick. Petitioners leased the 1969 Mercury on December 10, 1968 for one year. Respondent concedes that petitioners paid $155 a month (or a total of $1,860) to lease the Mercury. Petitioners also claimed and deducted the following as part of their 1969 automobile expenses: for the Mercury, (1) gasoline, $800; (2) oil, $15; (3) miscellaneous items, $12.08; (4) car washes, $30; and (5) insurance, $202.80; and for the Buick, gasoline, $46.55. Not specifically attributable to either car were (1) parking and tolls, $100, and (2) tires, $90. Mrs. Clay used the Mercury in her real estate work to show clients properties and for commuting to and from work. Mrs. Clay worked seven days a week selling real estate. Mr. Clay traveled to Frankfort in the Mercury about two and a half times a week to attend Public Service Commission meetings. Frankfort is approximately 50 miles from Louisville. When not traveling to Frankfort, Mr. Clay used the Buick to commute to his law office in Louisville. When Mr. Clay was traveling to Frankfort in the Mercury, *225 Mrs. Clay used the Buick in her real estate business. Respondent allowed a $1,200 automobile expense deduction for 1969 for the Mercury on the basis of 12,000 miles of business travel at 10 cents per mile for regular trips that Mr. Clay made from Louisville to Frankfort and return. Respondent concedes petitioners' entire claimed travel expense deduction for 1968. 2. Entertainment Expenses
Respondent disallowed deductions of $2,094.12 and $1,608.66 in 1968 and 1969, respectively, claimed by petitioners for entertainment expenses. During 1968 and 1969 petitioners belonged to two clubs, the Pendennis Club and the Louisville Boat Club. Petitioners attempted to allocate all family social activities to the Louisville Boat Club and all business activities to the Pendennis Club, and deducted those expenses attributable to the Pendennis Club. They also deducted certain amounts charged to Diners Club, Carte Blanche, and Bank Americard. There is no doubt that the amounts deducted were actually spent. The petitioners have five children, four of whom were in college in the years in issue. Because both petitioners worked long hours and spent all their earnings on living, education *226 and business expenses, petitioners had no social life not connected with their business. The children used the Boat Club for their entertainment and pleasure. OPINION 1. The Automobile Expenses
Petitioners contend that they are entitled to deduct the actual costs in 1969 attributable to the business operation and maintenance of two automobiles. Respondent argues that petitioners have not shown the entire amount of automobile expenses deducted were ordinary and necessary business expenses, or, with the exception of the rental expense for the Mercury, that they were incurred. Respondent asserts that petitioners are not entitled to deduct more than the $1,200 allowed for business use of the Mercury. We agree with petitioners subject to the limitations noted below. Section 162(a) [1] allows a deduction for the ordinary and necessary expenses incurred during the taxable year in carrying on a trade or business. This includes expenses necessary for the operation and maintenance of automobiles used in carrying on a trade or business. Sections 1.162-1, 1.162-6, Income Tax Regs. There are two methods that have been accepted to compute the deductible expenses. Petitioners can seek *227 a deduction for actual costs incurred, but they have the burden of substantiating the various alleged expenses. J. Bryant Kasey,54 T.C. 1642, 1650 (1970), affirmed percuriam457 F. 2d 369 (C.A. 9, 1972). Alternatively they can keep an accurate record of the automobile miles traveled and take a per mile deduction for business miles traveled in lieu of all operating and fixed costs. Rev. Proc. 66-10, 1966-1 C.B. 622. [2] When the automobiles have been used for both business and personal reasons, petitioners have the burden of proving the portion attributable to business use. Emil J. Michaels,53 T.C. 269, 275 (1969). Petitioners sought a deduction for alleged actual costs incurred in 1969 for the business use of two automobiles. The only portion of the claimed deduction *228 that was documented was the rental expense for the Mercury. Respondent concedes that this amount was spent, but questions whether it was an ordinary and necessary business expense. Mr. Clay testified concerning the other alleged expenditures, and while we wish his testimony were more precise and that he were a better record keeper, we have no doubt about his veracity. Mrs. Clay corroborated her husband's testimony, and expanded on the precise business use she made of the two cars. We are not convinced that the Mercury was used entirely for business purposes. Mr. Clay testified that Mrs. Clay generally used the Mercury for her real estate work, but he noted that this also included her commuting to and from work. It is well recognized that expenses of traveling to and from work are personal non-deductible expenses. Section 1.262-1(b)(5), Income Tax Regs. Therefore, based on the evidence before us, and using our best judgment, we hold that the Mercury was used 80 percent for business and 20 percent for non-business purposes. Cohan v. Commissioner,39 F. 2d 540 (C.A. 2, 1930), affirming in part and reversing in part 11 B.T.A. 743 (1928). We are *229 also persuaded that the amount attributable to business use of the Buick ($46.55 for gasoline) was in fact incurred for business purposes, as were the parking costs and tolls of $100. We are not persuaded that the tires were used for business purposes inasmuch as Mr. Clay is unable to identify on which car he placed the new tires. Therefore, petitioners are entitled to the business expense claimed except for 20 percent attributable to the Mercury and the cost of new tires. 2. Entertainment Expenses
Petitioners allege that they are entitled to entertainment expense deductions in 1968 and 1969 under section 162, and that they have met the substantiation requirements of section 274. Respondent claims that petitioners have not shown that the amounts were ordinary and necessary business expenses, nor that certain portions of the claimed expenses were actually spent. Respondent also argues that petitioners have failed to comply with section 274, and with this we agree. Section 274(d) provides in part: * * * No deduction shall be allowed-- * * * (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, * * * or with *230 respect to a facility used in connection with such an activity, * * * * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the * * * entertainment, * * * or use of the facility, * * * (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained [or] using the facility * * * At trial petitioners testified that they belonged to two clubs, the Louisville Boat Club and the Pendennis Club, and that they made a point of using the Pendennis Club exclusively for business in order to ease any evidentiary burden of substantiating the business nature of the expenses incurred there. Most but not all of the contested business entertainment expense deductions are for expenses incurred at or related to the Pendennis Club. Other expenses were charged to various credit cards. We recognize the burden section 274 places on taxpayers seeking business deductions for entertainment expenses, but note that the legislation stemmed from abuse of those deductions. [3]
*231 Regulations section 1.274-5 reiterates that in order to obtain a deduction for entertainment expenses each element [4] of the expenditure must be substantiated by adequate records or sufficient evidence corroborating the taxpayer's own testimony. In order to be entitled to deduct dues paid to the club petitioners must prove the club was used primarily in furtherance of their business. Sections 274(a)(1)(B) and (2)(A). To do this they must maintain adequate records that reflect personal and business use of the club. Failure to keep these records where the club could be used for personal purposes creates the presumption that use of the club was primarily personal. Section 1.274-5(c)(6)(iii), Income Tax Regs.
Petitioners argued that their testimony was adequate substantiation to establish the business nature of the claimed deductions. In his oral testimony, Mr. Clay did no more than state that the Pendennis Club was used exclusively for business. Mrs. Clay added only her approval of her husband's testimony. This generalized testimony, plus checks showing amounts expended, *232 without specifics connecting the expenditures to certain times with named clients simply does not meet the strict requirements of the Code and regulations. We kept the record open for ten additional days to allow petitioners to submit any additional documentation they could find. All we received were more cancelled checks. Two of the submitted checks for 1969 were for dues payments to the Pendennis Club. The other checks indicated only the date of payment, the amount and the payee. They did not indicate the business purpose of the expense or any identification of the individual entertained. Without evidence of all the necessary elements needed to support entertainment expense deductions, the claimed entertainment expenses are not deductible. In order to reflect our conclusions herein, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue. ↩
2. The cited Revenue Procedure was applicable during the years at issue, but has since been superseded by Rev. Proc. 70-25, 1970-2 C.B. 506, which in turn was superseded by Rev. Proc. 74-23↩, I.R.B. 1974-36, 17.
3. H. Rept. No. 1447, 87th Cong., 2d Sess., 1962-3 C.B. 405↩, 423.
4. Those elements are the amount, time, place, business purpose and business relationship of those entertained.↩