RICHARD H. GAINES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gaines v. Commissioner
Docket No. 129-73.
United States Tax Court
T.C. Memo 1976-312; 1976 Tax Ct. Memo LEXIS 90; 35 T.C.M. (CCH) 1415; T.C.M. (RIA) 760312; October 5, 1976, Filed *90 Held: 1. The expenses incurred in 1968 by petitioner, a contracts manager and reviewer, in attending law school are not deductible under section 162(a), I.R.C. 1954, or the amplifying regulations, section 1.162-5(a) and (b), Income Tax Regs.
2. Automobile lease payments made to employer pursuant to an employer-employee leasing agreement are a nondeductible personal expense. 3. Expenses for meals, not incurred while away from home on business overnight, are not deductible under section 162(a)(2). 4. Expenses for business mileage are not deductible for lack of substantiation. 5. The evidence on record does not substantiate a larger allowance for charitable and medical deductions. Richard H. Gaines, pro se. James J. Posedel, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1970 in the amount of $1,260.27. The issues are whether petitioner can claim (1) the following expenses as ordinary and necessary business deductions under section 162: [1] his legal education, automobile expenses incurred in traveling to and from law school, expenditures pursuant to *91 an automobile leasing arrangement with his employer, expenses denominated as partial and unreimbursed travel mileage and meal expenses; (2) a charitable contribution deduction in an amount greater than that allowed by respondent; and (3) a medical expense deduction in an amount greater than that allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and the stipulation of facts, together with the exhibits attached thereto, are found accordingly. Petitioner Richard H. Gaines filed his 1970 Federal income tax return with the Western Service Center, Ogden, Utah. His legal residence on date of filing was Riverside, Calif. He reported his income on the cash method of accounting.
During 1970 petitioner was employed by Philco-Ford Corporation, Aeronutronics Division, as a supervisor in the purchasing department in Newport Beach, Calif. His duties included receiving and reviewing bids for contracts, issuing purchase orders up to $10,000 and reviewing proposed contracts with suppliers. Large contracts were forwarded *92 to the corporation's legal staff for review. Being a lawyer or taking a law school curriculum was not a condition to meet the minimum requirements of petitioner's employment with Philco-Ford Corporation. In 1969 petitioner enrolled in Western State University College of Law (Western State) in Anaheim, Calif. During 1970 he was a fully matriculated night law student there. He enrolled in and received credit in 1970 for the following law school courses: contracts, torts, criminal law, real property, corporations and equity. Western State was unaccredited with the American Bar Association in 1970. Thus, petitioner was required to register with the Committee of Bar Examiners of the State of California (Committee) as a prerequisite to seeking admission to the California State Bar as a "general applicant" at some future date. Petitioner also took the California "Baby Bar" Examination which was also a requirement if petitioner wanted to continue his legal education at Western State. During 1970 petitioner registered with the Committee, passed the required examination and included the registration and examination fees in his legal education expense deduction. His course of study led *93 to an LL.B. degree in law in 1973 and admittance to the State Bar of California in 1974. On his 1970 income tax return petitioner claimed deductions under section 162 of $672 for legal education expenses and $1,410 for transportation to and from law school. He determined the transportation expenses by figuring he traveled 11,750 miles to and from law school. He then utilized the twelve cents a mile optional mileage rate set forth in Rev. Proc. 70-25, 1970-2 C.B. 506, instead of itemizing his expenses, and deducted $1,410 from his gross income. Respondent disallowed both of these deductions in full. In March 1970, petitioner exchanged a car he had been leasing from his employer, Philco-Ford Corporation, for a leased Mercury Cougar automobile from this same employer. These leased cars were the only ones used by petitioner. Petitioner was not required, as a precondition to his then or continued employment with Philco-Ford Corporation, to lease an automobile from his employer. The corporation leased the car to limited members of management at a lesser expense than would normally be incurred if leased through a general leasing agency. As a condition of the lease, the lessee submitted *94 a written product evaluation of the car every six months. Petitioner's automobile lease payments were $71,72 per month for the Mercury Cougar and a slightly less rate for the first car used from January to March. He deducted $924 as an automobile rental expense on his 1970 income tax return. Respondent disallowed the entire amount of this deduction. Petitioner also deducted $80 for "Partial and Unreimbursed Travel Mileage." He estimated that during 1970 he traveled 2,000 miles among the Santa Ana, Anaheim and Newport Beach plants of Philco-Ford Corporation to attend various business meetings. Petitioner used his leased car and was reimbursed at the rate of eight cents per mile. He determined that since IRS allows twelve cents per mile for business travel [2] and his employer reimbursed him at a rate of eight cents per mile, his deduction was four cents per mile for the unreimbursed portion of this expense. Respondent disallowed the entire $80. In 1970 petitioner worked ten Saturdays at Philco-Ford Corporation and expended $85 for meals during those days. He was not away from home overnight during any of these occasions. On his 1970 income tax *95 return, petitioner deducted $85 for meals expense incurred on a "10 Day Trip Away From Tax Home." Respondent disallowed the entire amount. Petitioner also deducted $498 on his 1970 income tax return for charitable contributions. Of this amount the respondent allowed $115. He further deducted $1,102 for medical and dental expenses. Of this amount respondent allowed $528. OPINION Respondent determined a deficiency in petitioner's income tax for 1970 in the amount of $1,260.27. The issues for decision are (1) the deductibility under section 162 of the following items: tuition and travel expenses incurred in attending law school, expenditures for a car leased from petitioner's employer, expenses denominated as partial and unreimbursed travel mileage, and meal expenses; (2) the amount of charitable contributions deductible under section 170; and (3) the amount of medical expenses deductible under section 213. 1. Law School. Petitioner strenuously claims that his basic purpose in attending law school was to improve his skills in his existing trade or business as a purchasing contract manager and reviewer. He emphasizes that an in-depth study and understanding of the law is necessary *96 to sharpen his skills in negotiating and evaluating contracts as well as in exercising independent judgment of a legal nature. He also stresses that the courses which he deducted were approved by his employer on the basis they were relevant to the position which petitioner held during 1970 and were directly related to either his current or prospective employment with Philco-Ford Corporation. Section 162(a) allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including traveling expenses while away from home in pursuit of a trade or business. Educational expenses are deductible under section 1.162-5, Income Tax Regs., if they maintain or improve skills required by an individual in his employment or other trade or business, or if they meet express requirements imposed as a condition to retention of employment. They are nondeductible, however, when the education is "part of a program of study being pursued by him which will lead to qualifying him in a new trade or business." Section 1.162-5(b)(3), Income Tax Regs. Furthermore, if the education falls into this latter category, it is nondeductible *97 even though the education may improve skills, or may meet the express requirements of the individual's employer. Section 1.162-5(b)(1), Income Tax Regs.
Petitioner challenges the validity of section 1.162-5, Income Tax Regs. However, the nondeductibility of this type of expenditure [3] and the validity of the challenged regulations [4] are well established. Melnik v. United States,521 F. 2d 1065 (9th Cir. 1975); Weiszmann v. Commissioner,443 F. 2d 29 (9th Cir. 1971); Burke W. Bradley, Jr.,54 T.C. 216 (1970). We adhere to that conclusion. Petitioner also maintains that when the Commissioner changed the regulations in 1967, he usurped Congress' legislative function in the tax field. The Internal Revenue Code of 1954, section 7805, authorizes the Secretary of the Treasury or his delegate to enforce the internal revenue laws by establishing regulations. There is no prohibition against changing a regulation if it is unreasonable or inconsistent with the statute. Commissioner v. South Texas Co.,333 U.S. 496 (1948). *98 Regulations-- constitute contemporaneous construction by those charged with the administration of the act, are for that reason entitled to respectful consideration, and will not be overruled, except for weighty reasons. [Fawcus Machine Co. v. United States,282 U.S. 375 (1931).] As previously stated, the Court adheres to the validity of these regulations and, accordingly, finds petitioner's reliance on the 1958 version of the regulations and cases decided thereunder incorrect. The regulation is not vague and ambiguous as petitioner claims. Rather, it sets forth a clear and objective standard that must be applied. David N. Bodley,56 T.C. 1357 (1971); Jeffry L. Weiler,54 T.C. 398 (1970). The examples in this regulation specifically state a situation where a taxpayer is required by his employer to attend law school. The taxpayer is precluded from a deduction even though he intends to continue practicing his nonlegal profession because "this course of study qualifies him for a new trade or business." Section 1.162-5(b)(3)(ii), ex. (2), Income Tax Regs. The same result was reached in Jeffry L. Welier,supra, where an Internal Revenue agent was denied a deduction for law school expenses *99 even though he stated he had no intention of entering the legal profession. The objective standard laid down by the regulations was strictly adhered to. There is no inherent ambiguity, as petitioner suggests, in the direct relationship underlying this regulation between courses required for a degree and obtaining the degree itself. In applying this objective standard to the facts before us we conclude that petitioner's case is squarely within these regulations. His education was part of a program designed to qualify him for a new profession and, as such, he is not entitled to the deduction. Accordingly, his tuition and travel expenses to and from law school are nondeductible expenditures. Petitioner's motivation to strengthen his qualifications in his existing business of contract management is subjective and does not control the outcome of this decision. Jeffry L. Weiler,supra.Nor is there merit to petitioner's insistence that he embarked upon the program at the encouragement of his employer. We are not convinced petitioner's expenses were at the insistence of his employer, and even if they were incurred for education which was expressly required by his employer, such expenditures *100 are not deductible. Sections 1.162-5(b)(1) and 1.162-5(b)(3)(ii), ex. (2), Income Tax Regs. Petitioner further contends that this regulation is unconstitutional as a denial of equal protection under the Fourteenth Amendment. It should first be noted that Federal tax statutes are subject to the due process of the Fifth Amendment, Heiner v. Donnan,285 U.S. 312 (1932), and not the equal protection clause of the Fourteenth Amendment. Labay v. Commissioner,450 F. 2d 280 (5th Cir. 1971). Federal taxing provisions do not violate the Fifth Amendment unless they "classify taxpayers in such a manner as to be arbitrary and capricious." Allan F. Labay,55 T.C. 6, 14 (1970). Petitioner sets forth two arguments alleging an "arbitrary and capricious" classification to him. First, he claims that any question of fact or liability is conclusively presumed against him because, as a law student, he is automatically barred from a deduction under the objective test in section 1.162-5, Income Tax Regs.
The Constitution guarantees that all taxpayers are subject to a treatment that is equally imposed upon all others in like circumstances. As discussed supra, this Court has sustained the 1967 amended *101 provisions of the regulations as a valid exercise of rule-making power under the Internal Revenue Code. The Ninth Circuit, to which petitioner has a right of appeal, also held these amended provisions consistent with statutory law. Ronald F. Weiszmann,52 T.C. 1106 (1969), affd. per curiam 443 F. 2d 29 (9th Cir. 1971). Under this standard petitioner, in attending law school, is completing requirements which open a profession previously unavailable for lack of that degree. As such, this program qualifies as a new trade or business and is, therefore, nondeductible. Secondly, petitioner cites a litany of cases under section 162, pertaining to educational expenses, that produce inconsistent results. Those cases were decided under the 1958 version of section 1.162-5, Income Tax Regs., and are not applicable here. The objective test was specifically promulgated in 1967 to avoid those inconsistencies reached under prior regulations. We sustain respondent's disallowance of petitioner's law school expenses and his automobile expenses incurred in traveling to and from law school.These expenses are personal and nondeductible. 2. Automobile Lease Payments. Respondent disallowed $924 claimed *102 by petitioner for all automobile lease payments made to his employer, Philco-Ford Corporation, in 1970. Petitioner deducted this amount as an ordinary and necessary business expense under section 162(a)(3). Petitioner maintains that he was required by his employer to lease a Ford automobile; that while there was no written requirement which mandated this practice, the leasing policy was encouraged and followed by most Philco-Ford managers; and that because managers frequently entertained customers and vendors of his employer, there was a "great silent pressure" exerted by Philco-Ford Corporation to drive a Ford product. He further contends that a written evaluation of the car's performance was required every six months in consideration for a reduced lease fee.
Section 162(a)(3) permits a deduction for automobile rental payments if the automobile is used in connection with a trade or business or in connection with an income producing activity. The determination of business use is purely a question of fact, the burden resting with petitioner. Commissioner v. Heininger,320 U.S. 467 (1943); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner owned no car in 1970. *103 He drove a leased car exclusively. As we view the evidence, he used the car for both business and personal purposes. The record shows petitioner used the car in driving between his office and home, a commuter expense that is personal and not deductible as a business expense. Fausner v. Commissioner,413 U.S. 838 (1973). The car was also available for personal use after office hours and on weekends, and, beyond driving to law school, we have no doubt it was so used. As to his claim that he used the automobile for business purposes, petitioner first has the burden under section 162 of proving such travel is "ordinary and necessary" in the course of his employment. Petitioner claims that he used the leased automobile to entertain suppliers and to travel between the Santa Ana, Anaheim and Newport Beach plants of Philco-Ford Corporation to attend business meetings for his employer. But he has failed to substantiate the use or the amount of travel by any records to demonstrate business purpose. And even petitioner concedes that he was not reimbursed by his employer for all the trips and meals he claims. Instead, petitioner relies on what he perceives to be the underlying rationale *104 for the leasing arrangement, a "great silent pressure" exerted by his employer to lease and promote its product. The record shows no written requirement to this effect by Philco-Ford as a condition of employment. We find that an implied obligation on the part of employees to lease their employer's product is not a compelling business use.To hold otherwise would enable employees to purchase a plethora of employer products, which are by their very nature personal, and claim a business deduction. We also find that, notwithstanding the sixmonth written performance evaluation, the leased automobiles were an option extended to employees upon reaching the ranks of management at little or no cost to the employer. Consequently, petitioner has failed to prove any part of his lease was "ordinary and necessary" to his employment. Moreover, we cannot ignore the record keeping requirements of section 162 applicable to business travel expenses. [5] Petitioner has not produced records of any kind. Hwere such records are incomplete or documentary proof is unavailable, the section does permit a taxpayer to establish the amount of expenditures "by approximations based upon reliable secondary sources *105 of information and collateral evidence." Section 1.162-17(d)(3), Income Tax Regs. The only evidence before us to sustain a business deduction is petitioner's testimony that he was reimbursed by his employer for 2,000 miles of business travel. This testimony alone without corroborative evidence is not sufficient proof under section 162 to allow the deduction claimed. Additionally, even if petitioner had offered records to verify his testimony, there is no evidence to ascertain what percentage of the yearly automobile mileage this 2,000 mile base represents. Thus, it is impossible to allocate a portion of the lease payments to any business expense. Accordingly, respondent's disallowance is sustained. 3. Partial and Unreimbursed Travel Mileage.
Petitioner estimates that he drove 2,000 miles during 1970 to attend business meetings for his employer. On his 1970 income tax return, petitioner claimed a deduction for the difference between that amount which he claims his *106 employer reimbursed him (eight cents per mile) and what he believed he was entitled to (twelve cents per mile, utilizing Rev. Proc. 70-25, 1970-2 C.B. 506[6]), or a total of $80. The entire amount was disallowed by respondent. Two methods are authorized to compute the deduction for business travel expenditures. The first is to deduct all actual expenses incurred for business travel under section 162 and to bear the burden of substantiating these various alleged expenses. J. Bryant Kasey,54 T.C. 1642 (1970), affd. per curiam 457 F. 2d 369 (9th Cir. 1972). The second is to record the automobile's mileage traveled for business use and take a per mile deduction in lieu of all operating and fixed costs. For the year at issue the rate per mile was computed according to Rev. Proc. 70-25. Regardless of the method chosen, a taxpayer must first establish an ordinary and necessary business use of the car. Then he must corroborate the mileage figures and reimbursements he claims as a business expense, substantiating *107 any deduction for the excess beyond amounts received for reimbursements. Petitioner has neither introduced any evidence to support nor attempted to justify this deduction. Instead he asks the Court to make an approximation of the amount properly allowable according to Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930). Under the Cohan rule, if the Court is convinced an amount was spent, albeit indefinite, it can make an approximation. Such approximation must bear heavily upon the taxpayer "whose inexactitudes were of his own making." This Court is unable to make such an approximation. Petitioner has no contemporaneous records of any kind. Even assuming we could overcome the lack of verification on the threshold question of business use of the car, there is nothing beoyond petitioner's testimony to substantiate the 2,000 mile base or the reimbursement by his employer. We must deny his claimed deduction for the fundamental reason that he has failed to meet his burden with respect to both issues. 4. Meals Expenses. Petitioner claimed an $85 meals expense deduction for working ten Saturdays at Philco-Ford without reimbursement. Respondent contends this deduction is improper because *108 the expenses were not incurred while away from home on business overnight. We concur with respondent. Section 162(a)(2) allows a taxpayer to deduct business related expenses while a taxpayer is "away from home" in the pursuit of a trade or business.In United States v. Correll,389 U.S. 299 (1967), the Supreme Court held that the term "away from home" means that a taxpayer must actually sleep or rest away from home overnight. Consequently, unless a taxpayer can satisfy the aforementioned "sleep or rest" rule, he cannot deduct travel expenses under section 162(a)(2). Here petitioner was not away from home overnight so he cannot be allowed the deduction under that subsection. Furthermore, no deduction is allowable under section 162 unless expenses can be properly substantiated. Petitioner offered no records for verification and failed to meet this standard. 5. Charitable Contributions. Petitioner claimed a charitable contribution under section 170 in the amount of $498. Of this amount respondent allowed $115 and disallowed the balance of $383 for lack of substantiation. Petitioner testified he has no records or receipts to verify the deduction. Instead he testified that he calculated *109 the deduction by donating several items and taking twelve percent of their original value to arrive at a sum. He also testified he gave money to the church and various charitable organizations without obtaining receipts. Petitioner asks the Court to utilize the Cohan rule, supra, to determine an amount in excess of that allowed him by respondent. We first note that the substantiation requirements for a charitable deduction are specific as to amount, donee, date and value. Section 1.170A-1, Income Tax Regs.The calculation devised by petitioner is nowhere authorized by the Code and does not meet the required corroboration standards in the regulations. In addition, no evidence has been presented beyond petitioner's testimony to show if any excess amount has been contributed. This Court will not, therefore, engage in any approximations beyond the amount respondent allowed. 6. Medical Expenses. On his 1970 income tax return petitioner claimed a medical deduction of $1,102. Respondent recomputed the deduction in the amount of $528, based upon items petitioner could substantiate and changes respondent made to petitioner's adjusted gross income.The latter was necessary since under section 213 *110 the allowable medical deduction depends upon the adjusted gross income figure which, in turn, depends on the treatment of various deductions. Three categories were partially unsubstantiated-- insurance, doctors and medicine and drugs. Petitioner refutes only the last. Petitioner's tax return reflects a sum of $366 for medicine and drugs. Of this amount respondent allowed $54.88 and disallowed $311.12 for lack of any records or receipts. Petitioner contends this unsubstantiated sum was for drugs and miscellaneous sundry items, such as cough syrup, aspirin and nonprescriptive drugs which comprise an inseparable portion of his weekly grocery bill. Petitioner urges the Court to approximate under the Cohan rule an amount properly allowable. We note that the unsubstantiated balance of $311.12 amounts to approximately a $6 per week expenditure for sundry items. This Court will not approximate a further deduction on these facts. Accordingly, we sustain respondent's disallowance. 7. Conclusion. In summary, the evidence on record does not substantiate any deduction greater than that allowed by respondent. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year involved, unless otherwise indicated.↩
2. Rev. Proc. 70-25, 1970-2 C.B. 506↩.
3. Cf. Larry R. Adamson,T.C. Memo. 1973-107↩, and cases cited therein. 4. The current regulations issued in 1967, and not those promulgated in 1958, are applicable in this case since the tax year in issue is 1970.↩
5. Since the various plants of petitioner's employer are fairly close and there is no contention petitioner was "away from home," section 1.274-5(b)(2), Income Tax Regs.↩, is not applicable to establish business mileage.
6. The cited Rev. Proc. was applicable for the year at issue. For taxable years beginning after December 31, 1973, Rev. Proc. 70-25 is superseded by Rev. Proc. 74-23, 1974-2 C.B. 476↩.