ASEN DODOV and HANSI DODOV, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dodov v. Commissioner
Docket No. 613-76.
United States Tax Court
T.C. Memo 1977-362; 1977 Tax Ct. Memo LEXIS 81; 36 T.C.M. (CCH) 1459; T.C.M. (RIA) 770362; October 11, 1977, Filed *81 During the trial of this case, P refused to adduce any evidence to substantiate deductions claimed for medical expenses and a loss from rental property. Held, the Commissioner's disallowance of such deductions sustained. Held, further, deductible charitable contributions determined. Asen Dodov, pro se. David J. Duez, for the respondent. SIMPSON
*82 MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $755.63 in the petitioners' Federal income tax for 1973. We must decide whether the petitioners are entitled to deductions for medical expenses, a loss from rental property, and charitable contributions. FINDINGS OF FACT The petitioners, Asen Dodov and Hansi Dodov, husband and wife, resided in Ballwin, Mo., at the time they filed their petition in this case. They filed a joint Federal income tax return for 1973. On their return for 1973, Mr. and Mrs. Dodov deducted medical expenses of $3,170.00 and a loss from rental property of $2,891.00. The Commissioner disallowed the entire deduction for medical expenses and $855.05 of the loss deduction. At the trial, the Commissioner conceded that of the loss disallowed, $428.00 was properly deductible under section 212(3) of the Internal Revenue Code of 1954, [1] as an expenditure incurred in connection with the determination of the petitioners' Federal income tax for 1972. At the trial, Mr. Dodov refused to produce any records to substantiate either of these deductions; he claimed that he was being harassed *83 by the Internal Revenue Service. The Commissioner also disallowed deductions of $300 for contributions to the Greek Orthodox and Lutheran churches and $15 for miscellaneous charitable contributions. Mr. and Mrs. Dodov kept no records of their charitable contributions; however, Mr. Dodov and his wife attended church services twice a month, and his daughter attended every week. The amount he gave to the church varied; on special holidays, such as Christmas and Easter, he gave $10, whereas at other times, he gave $2 or $5. His daughter gave no more than $5 weekly. Mr. Dodov gave $10 to the muscular dystrophy fund. OPINION We will first dispose of the taxpayers' contention that they have been harassed by the IRS. The petitioners' fellings apparently result from the fact that their returns for other years also have been audited. However, there is nothing in the record of this case to support such allegations. An IRS agent employed as a returns classification program manager at the Kansas City Service Center testified, based upon his examination of the IRS computer *84 control card for Mr. and Mrs. Dodov's 1973 return, that such return initially was selected for audit by computer. The selection and subsequent audit probably resulted from the fact that claimed medical expenses exceeded 30 percent of adjusted gross income; such percentage is unusually high, and consequently, the return would be considered to merit further examination. The petitioners' 1972 return also was audited; as a result of such audit, it was determined that they had overpaid their taxes, and $91.00 (including interest) was refunded to them. Thus, it appears that the petitioners' returns were selected for audit in accordance with standard procedures and that there was no discrimination by officials of IRS against them for 1973 or for any other year. Indeed, the refund of tax to them for 1972 undermines their contention and demonstrates that they were treated fairly by IRS. Having found no evidence of discriminatory selection or other improper IRS conduct, we do not consider what measures, if any, would be appropriate had the petitioners been able to establish their allegations. See Greenberg's Express, Inc. v. Commissioner,62 T.C. 324 (1974). The substantive *85 issue is whether the petitioners have adequately substantiated deductions for medical expenses, a loss from rental property, and charitable contributions, which were disallowed by the Commissioner. It is well settled that the petitioner has the burden of proving the determination by the Commissioner to be erroneous. Rule 142, Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111, 115 (1933); Burnet v. Houston,283 U.S. 223, 227 (1931). Deductions are a matter of legislative grace, and the taxpayer must demonstrate his entitlement to any deductions claimed. Interstate Transit Lines v. Commissioner,319 U.S. 590, 593 (1943); New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). Additionally, the taxpayer has a duty to maintain records to substantiate his tax return (sec. 6001; sec. 1.6001-1(a) and (e), Income Tax Regs.), and the validity of such recordkeeping requirement has repeatedly been upheld. E.g., Kasey v. Commissioner,457 F. 2d 369 (9th Cir. 1972), affg. per curiam 54 T.C. 1642 (1970); Roberts v. Commissioner,62 T.C. 834, 837-839 (1974), *86 and cases cited therein. In connection with the deduction for medical expenses, Mr. Dodov testified that he made large payments for psychiatric care for a member of his family. Yet, he refused to produce any records to support such claim, and he refused to disclose the identity of the person receiving such care, or the names of the doctors to whom he made payments. He feared that if he disclosed the identity of the patient, such disclosure would be detrimental to the patient, and that if he revealed the names of the doctors, it would lead to a tax investigation of them. Though Mr. Dodov may be sincere in his reasons for refusing to disclose the information, we cannot, without such information, find that the petitioners are entitled to any deduction for medical expenses. We are willing to accept his testimony that he made some payments for medical care for a member of his family, but without some records or other details as to the amounts spent for such care, we are unable to conclude that the payments were sufficient to exceed 3 percent of adjusted gross income and thus to be deductible under section 213(a)(1). Accordingly, we hold that the petitioners have failed to meet their *87 burden of proof, and we sustain the Commissioner's determination. Rule 142, Tax Court Rules of Practice and Procedure; Welch v. Helvering,supra; Burnet v. Houston,supra; Hradesky v. Commissioner,65 T.C. 87, 90 (1975), affd. per curiam 540 F. 2d 821 (5th Cir. 1976); Hollman v. Commissioner,38 T.C. 251 (1962); see also sec. 1.213-1(h), Income Tax Regs.
For the same reasons, we must also sustain the Commissioner's disallowance of a portion of the claimed loss from rental property. Although Mr. Dodov maintained records of his income and expenses in connection with rental property, he refused to produce such records or to offer any specific testimony with respect to this issue. Accordingly, we have no basis for determining that the petitioners incurred a loss in excess of that allowed by the Commissioner. Finally, although the petitioners kept no record of charitable contributions, Mr. Dodov did testify with respect to this issue. We found his testimony to be credible, albeit somewhat vague as to how he determined the amount claimed. Using our judgment, and bearing heavily against the petitioners *88 whose inexactitude is of their own making, we have determined that the petitioners made contributions to the Greek Orthodox and Lutheran churches and to muscular dystrophy in the total amount of $250 and are entitled to deduct such amount on their return for 1973. Cohan v. Commissioner,39 F. 2d 540, 543-544 (2d Cir. 1930). To reflect our conclusions and the Commissioner's concession, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩