ALEXANDER DEAN WALTER, JR. AND VIRGINIA HARTMAN WALTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walter v. Commissioner
Docket No. 8837-77.
United States Tax Court
T.C. Memo 1979-132; 1979 Tax Ct. Memo LEXIS 394; 38 T.C.M. (CCH) 594; T.C.M. (RIA) 79132; April 5, 1979, Filed *394 Held, petitioners may not deduct the value of the time they expended in the preparation of their Federal income tax return. Alexander Dean Walter, pro se. William J. Salica, for the respondent. STERRETT
MEMORANDUM FINDINGS OF *395 FACT AND OPINION STERRETT, Judge: Respondent, on August 9, 1977, issued a statutory notice in which he determined a deficiency in petitioners' Federal income tax for their taxable year ended December 31, 1975 in the amount of $83. After concessions by the parties the sole issue for our consideration is whether petitioners may deduct the value of the time they expended in the preparation of their Federal income tax return. FINDINGS OF FACT The facts have been stipulated and are so found. The stipulation of facts, and the exhibits attached thereto, are incorporated herein by this reference. Petitioners, Alexander Dean Walter, Jr. and Virginia Hartman Walter, husband and wife, resided in Redlands, California at the time of filing the petition herein. Petitioners timely filed their joint Federal income tax return for the calendar year 1975. During 1975 petitioners calculated their return on the cash basis. Virginia Hartman Walter is a party to this action only because she joined in the filing of this return and, accordingly, Alexander Dean Walter, Jr. will hereinafter be referred to as petitioner. On his return for the taxable year 1975 petitioner claimed "income tax *396 costs" of $309 as a miscellaneous itemized deduction. This amount represents the 61.8 hours that he spent researching, compiling records and preparing his return multiplied by $5 per hour. Petitioner prepared his own return without hiring or paying any individual or entity for tax assistance. Respondent has disallowed the deduction. OPINION The allowance of deductions is a matter of legislative grace. New Colonial Ice Co., Inc. v. Helvering,292 U.S. 435, 440 (1934). Deductions allowed in computing gross income are limited to those specified in the Internal Revenue Code. Section 161. Individuals are allowed "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Section 162. They may also deduct "all the ordinary and necessary expenses paid or incurred during the taxable year * * * in connection with the determination, collection, or refund of any tax." Section 212. As a cash basis taxpayer petitioner must have actually paid the expense before a deduction therefor is allowable. Section 7701(a)(25); Rink v. Commissioner,51 T.C. 746, 754 (1969). Petitioner admits that *397 under the Internal Revenue Code as written, no deduction may be taken for the time a taxpayer spends in the preparation of his own income tax return. He contends, however, that the absence of a deduction causes the Internal Revneue Code to be unconstitutional under the Fifth and Thirteenth Amendments. He interprets the Thirteenth Amendement as protecting individual citizens from the forced labor or "involuntary servitude" of performing work--record keeping, documenting, collection, compiling, computing taxes--for the government without consideration therefor. In Kasey v. Commissioner,457 F.2d 369, 370 (9th Cir. 1972), the Ninth Circuit found that there was no merit to the argument that "the record-keeping requirements and the requirement that taxpayers shall prepare and filed their tax returns, as established by the Internal Revenue Code and the Internal Revenue Service, violate their privilege against self-incrimination under the Fifth Amendment and amount to involuntary servitude, prohibited by the Thirteenth Amendment." We do not find the case herein to be distinguishable from Kasey.
Petitioner further argues that the deprivation of freedom of time and *398 effort is a "taking" without just compensation. He wants "recognition" that his time has value. While we certainly agree that his time is valuable, we find that the record keeping and preparation requirements are a necessary corollary to the requirement that a return be filed. Without the record keeping the filing of a return would be a meaningless act founded in guess-work. The duty to file a return that is as accurate as possible is the duty of every citizen. His reward is the privilege of living in a civilized society and not the relatively insignificant pecuniary benefit of a tax deduction for the value of the time spent in calculating his contribution. Cf. Compania General de Tabacos de Filipinas v. Collector of Internal Revenue,275 U.S. 87, 100 (1927), Justice Holmes, dissenting. Decision will be entered for the Respondent.