GEORGE P. LARDAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lardas v. Commissioner
Docket No. 11948-78.
United States Tax Court
T.C. Memo 1980-151; 1980 Tax Ct. Memo LEXIS 435; 40 T.C.M. (CCH) 279; T.C.M. (RIA) 80151; April 30, 1980, Filed *435 Held, P failed to establish that he was entitled to a deduction for wagering losses in excess of that allowed by the Commissioner. George P. Lardas, pro se. Thomas G. Hodel, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $857.00 in the petitioner's Federal income tax for 1975. The only issue *436 for decision is whether the petitioner is entitled to deduct the wagering loss claimed by him. FINDINGS OF FACT The petitioner, George P. Lardas, resided in Denver, Colo., at the time he filed his petition in this case. He filed his individual Federal income tax return for 1975 with the Internal Revenue Service. During the year in issue, the petitioner gambled at dog race tracks, and he deducted on his 1975 Federal income tax return $4,898 as losses sustained by him in that activity. The petitioner also reported $4,898 as wagering income, and $4,832 of that amount was reported on Forms 1099. His tax return for the year in issue was filled out by an income tax return preparer. In his notice of deficiency, the Commissioner allowed the petitioner a deduction of $366 as a gambling loss. Such amount represented the cost of the four tickets that produced some of the petitioner's gambling winnings. The Commissioner disallowed the remaining $4,532 of gambling losses on the ground that the petitioner had no records to substantiate such losses. OPINION Section 165(d) of the Internal Revenue Code of 1954 permits the deduction of "Losses from wagering transactions *437 * * * only to the extent of the gains from such transactions." The petitioner has the burden of proving that his alleged losses were in fact sustained; the issue is a factual one to be decided on the basis of all the evidence. Mack v. Commissioner,429 F. 2d 182 (6th Cir. 1970), affg. a Memorandum Opinion of this Court; Schooler v. Commissioner,68 T.C. 867 (1977); Green v. Commissioner,66 T.C. 538, 544 (1976). The petitioner testified that he maintained a diary in which he recorded his losses each day after returning from the races. He stated that he kept the diary in a coat pocket, but he eventually lost the coat and the diary. However, the petitioner stated that when he had his income tax return prepared, he had the diary with him and told the preparer the amount of his losses. The preparer could not read the diary since the petitioner does not write English and the notations were in Greek. Moreover, the petitioner testified that he knows his losses at least equalled his winnings since he always gambled away his earnings. We cannot accept the petitioner's assertions as sufficient evidence to carry his burden of proof in *438 this matter. Deductions for other purposes are not allowable unless substantiated by adequate records. E.g., sec. 1.170-1(a)(3)(iii), Income Tax Regs. (charitable contributions); sec. 1.213-1(h), Income Tax Regs. (medical expenses); Roberts v. Commissioner,62 T.C. 834 (1974) (casualty loss and medical expense deduction); Kasey v. Commissioner,54 T.C. 1642 (1970), affd. per curiam 457 F. 2d 369 (9th Cir. 1972) (travel expenses and moving expenses); Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F. 2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969) (travel and entertainment expenses). It is clear that for such purposes, the kind of general evidence presented by the petitioner in this case is not sufficient. There is surely no reason to treat taxpayers such as the petitioner who claim to have sustained wagering losses more favorably than other taxpayers, by allowing a deduction for wagering losses when the evidence is vague and inadequate. * * * [Schooler v. Commissioner,supra at 871.] We recognize that this Court has applied the rule of *439 Cohan v. Commissioner,39 F. 2d 540, 543-544 (2d Cir. 1930), and permitted deductions based on estimates where it was convinced that net losses were in fact sustained, but the record in this case does not convince us that net losses were in fact sustained. It may be that the petitioner incurred more losses than the Commissioner has allowed him, but we strongly doubt that the petitioner has reported all of his winnings. The petitioner's credibility is shaken by the fact that he reported as total gambling income only $66 more than the winnings reported on the Forms 1099. Such forms are filed only when the winnings at any one time exceed $600. It is very likely that the petitioner won on some occasions when the winnings were not sufficient to be reported on Forms 1099. Thus, even if his losses did exceed those allowed by the Commissioner, we do not know his actual total winnings, and therefore, we cannot conclude that he sustained a net loss or the amount thereof. Accordingly, we must conclude and hold that the petitioner has failed to carry his burden of proof in this case and that he is not entitled to a wagering loss deduction in excess of that determined by *440 the Commissioner. Decision will be entered for the respondent.