ROBERT E. JOLY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Joly v. Commissioner
Docket No. 16381-94.
United States Tax Court
T.C. Memo 1995-413; 1995 Tax Ct. Memo LEXIS 410; 70 T.C.M. (CCH) 513; August 23, 1995, Filed *410 Decision will be entered under Rule 155. Audrey J. Orlando, for petitioner. Debra Moe and Ewan Purkiss, for respondent. ARMEN, Special Trial Judge ARMEN
MEMORANDUM OPINION ARMEN, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1991 in the amount of $ 2,930. Respondent also determined that petitioner is liable for the accuracy-related penalty in the amount of $ 586 under section 6662(a) for negligence or disregard of rules or regulations. After concessions by the parties, the issues for decision, all relating to deductions claimed by petitioner on Schedule C of his 1991 Federal income tax return, are: (1) Whether petitioner is entitled to *411 deduct claimed meal and entertainment expenses; (2) whether petitioner is entitled to deduct claimed automobile-related expenses (3) whether petitioner is entitled to deduct claimed telephone expenses; (4) whether petitioner is entitled to deduct an amount in excess of that allowed by respondent for tax return preparation fees; and (5) whether petitioner is liable for the accuracy-related penalty under section 6662(a). For simplicity and clarity, we shall first set forth the relevant background facts and general legal principles; we will then combine our findings of fact and opinion with respect to each issue. Background Facts
Some of the facts have been stipulated, and they are so found. Petitioner resided in Stockton, California, at the time that his petition was filed with the Court. During the taxable year 1991, petitioner engaged in the trade or business of being a singer-song stylist. From January 3, 1991 through June 29, 1991, petitioner was obligated under a contract with the Blackhawk Country Clubs in Danville, California (the Clubs) to perform as a singer-song stylist every Thursday from 6:30 p.m. to 10:30 p.m., Friday from 7:00 p.m. to 11:00 p.m., and Saturday *412 from 8:30 p.m. to Sunday 12:30 a.m. For the period beginning July 5, 1991 and ending February 1, 1992, petitioner was obligated under a contract with the Clubs to perform as a singer-song stylist every Thursday from 6:30 p.m. to 10:30 p.m., Friday from 7:00 p.m. to 11:00 p.m., and Saturday from 8:30 p.m. to Sunday 12:30 a.m., with the exception of such days during 1991 on August 22, 23, 24, 29, 30 and 31, and December 7, 21, and 26. [2]
During both periods, on Thursdays and Fridays, petitioner would perform at one of the Clubs (the Falls Clubhouse), and on Saturdays he would perform at the other (the Lakes Clubhouse). The Falls Clubhouse is located 3 miles from the Lakes Clubhouse. During 1991, petitioner traveled 160 miles between the Clubs. On evenings that he was performing at either of the Clubs, petitioner arrived prior to the time that patrons arrived *413 in order to set up his equipment and conduct sound checks. During his performances, petitioner utilized the following equipment: speakers and cassette decks, equalizers, mixer boards, power amps, miscellaneous cords, several microphones, and lighting equipment. Petitioner disassembled his equipment at the Falls Clubhouse on Saturday mornings, transported it to the Lakes Clubhouse, and set up there. The management of the Clubs appreciated the fact that petitioner made an effort to avoid disrupting the Clubs' patrons by setting up in advance of their arrival and disassembling after their departure. During 1991, although he auditioned elsewhere, petitioner did not perform as a singer-song stylist for compensation anywhere other than the Clubs. Petitioner held no other paid employment during 1991. During the taxable year 1991, on the nights of his performances at the Clubs, petitioner stayed overnight at the home of a close friend who resided in Livermore, California (the Livermore residence). The Livermore residence is 20.5 miles from the Clubs. During 1991, on nights when he was not performing at the Clubs, petitioner generally stayed at his brother's three-bedroom townhome in Santa *414 Clara, California (the Santa Clara residence). The Santa Clara residence is 46 miles from the Clubs. Petitioner maintained a bedroom in the Santa Clara residence. Petitioner also used another bedroom in the Santa Clara residence to store some of his musical equipment, to store records relating to his business as a singer-song stylist, and to prepare promotional materials for his business as a singer-song stylist. Petitioner did not maintain a telephone at the Santa Clara residence, but would occasionally use his brother's telephone for personal and business calls. On other occasions, he used friends' telephones or public telephones to make calls. Petitioner attempted to reimburse his brother and his friends for the telephone costs he incurred. On Schedule C of his 1991 Federal income tax return, petitioner deducted certain expenses related to his business as a singer-song stylist, including tax return preparation fees. Respondent disallowed many of the deductions claimed by petitioner and also determined that petitioner is liable for the accuracy-related penalty. General Legal Principles
We begin by noting that, as a general rule, the Commissioner's determinations are presumed *415 correct, and that the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra.This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Section 162(a) provides that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". The regulations promulgated under section 162 clarify that only those ordinary and necessary business expenses "directly connected with or pertaining to the taxpayer's trade or business" may be deducted. Sec. 1.162-1(a), Income Tax Regs.
Whether an expenditure is ordinary and necessary is generally a *416 question of fact. Commissioner v. Heininger, 320 U.S. 467, 475 (1943). To be "necessary" within the meaning of section 162, an expense need only be "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, supra at 113. For an expense to be "ordinary," "the transaction which gives rise to it must be of common or frequent occurrence in the type of business involved." Deputy v. du Pont, 308 U.S. 488, 495 (1940), citing Welch v. Helvering, supra at 114. Section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit verification of income and expenses. As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of such expense and allow the deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, in order *417 for the Court to estimate the amount of an expense, we must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). In the case of travel expenses, specifically including meals and lodging while away from home, as well as in the case of certain other expenses, section 274(d) overrides the so-called Cohan doctrine. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Under section 274(d), no deduction may be allowed for expenses incurred for travel, or certain other expenses, on the basis of any approximation or the unsupported testimony of the taxpayer. Section 274(d) imposes stringent substantiation requirements to which taxpayers must strictly adhere. Thus, that section specifically proscribes deductions for travel expenses in the *418 absence of adequate records, or of sufficient evidence corroborating the taxpayer's own statement. At a minimum, the taxpayer must substantiate: (1) The amount of such expense, (2) the time and place such expense was incurred, and (3) the business purpose for which such expense was incurred. Section 274(d)(4) also provides that no deduction is allowable with respect to listed property, as defined in section 280F(d)(4), unless the deductions are substantiated in accordance with the strict substantiation requirements of section 274(d) and the regulations promulgated thereunder. Included in the definition of listed property in section 280F(d)(4) is any passenger automobile. Sec. 280F(d)(4)(A)(i). To substantiate a deduction attributable to listed property, a taxpayer must maintain adequate records or present corroborative evidence to show: (1) The amount of the expense, (2) the time and place of use of the listed property, and (3) the business purpose for the use. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). In order to substantiate a deduction by means of adequate records, a taxpayer must maintain a diary, a log, or *419 a similar record, and documentary evidence which, in combination, are sufficient to establish each element of each expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). To be adequate, a record must generally be written. Each element of an expenditure or use that must be substantiated should be recorded at or near the time of that expenditure or use. Sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Thus, under section 274(d), and as with travel expenses, no deduction may be allowed for expenses incurred for use of a passenger automobile on the basis of any approximation or the unsupported testimony of the taxpayer. E.g., Golden v. Commissioner, T.C. Memo. 1993-602. We now address each category of disallowed deduction independently. 1. Meal and Entertainment Expenses
Meal and entertainment expenses are deductible if ordinary and necessary to a taxpayer's business. Sec. 162(a). [3] Petitioner deducted meal and entertainment expenses totaling $ 1,058. Respondent determined that petitioner was not entitled *420 to any deduction for meal and entertainment expenses, but later conceded that petitioner is entitled to a deduction in the amount of $ 101.12. Most of the amount deducted by petitioner reflects the cost of meals that petitioner purchased for friends who rehearsed with him in their homes or were otherwise helpful to him. However, petitioner introduced restaurant receipts totaling only approximately $ 177.70 to substantiate these expenses. [4] Of this amount, and as previously indicated, respondent concedes that petitioner is entitled to a deduction in the amount of $ 101.12. Although we recognize that petitioner may have *421 incurred additional deductible expenses in the form of restaurant meals, neither the documentation introduced nor petitioner's testimony is sufficient to permit us to conclude that petitioner is entitled to a deduction greater than that allowed by respondent. Accordingly, we are obliged to sustain respondent's determination with respect to these expenses. Rule 142(a); Welch v. Helvering, 290 U.S 111, 115 (1933). Petitioner also contends that he is entitled to a per diem deduction for meal expenses for 149 days during which he was away from the Santa Clara residence. Rather than requiring that a taxpayer substantiate the amount of the expenses incurred for meals, a per diem deduction may be allowed for meal expenses incurred away from home when a taxpayer satisfies all of the other requirements of sections 162(a)(2) and 274(d). Sec. 274(d); sec. 1.274-5T(j), Temporary Income Tax Regs, 50 Fed. Reg. 46032 (Nov. 6, 1985). Section 162(a)(2) provides that a taxpayer is entitled to deduct reasonable expenses for meals "while away from home in the pursuit of a trade or business". As used in section 162(a)(2), "home" generally *422 means the vicinity of the taxpayer's principal place of business or employment, and not where the taxpayer's personal residence is located, if such residence is located in a different place from the taxpayer's principal place of business or employment. E.g., Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968); Garlock v. Commissioner, 34 T.C. 611, 614 (1960). The Clubs and the Santa Clara residence were 46 miles apart. Assuming, as petitioner contends, that petitioner's personal residence was the Santa Clara residence, the Clubs where he was performing were clearly in the vicinity of his personal residence, and petitioner was not "away from home" when he was performing at the Clubs. E.g., United States v. Correll, 389 U.S. 299 (1967). Therefore, petitioner is not entitled to deduct a per diem amount for meals while away from home. Finally, petitioner deducted an unspecified amount for the cost of purchasing drinks for patrons of the Clubs on those nights that he performed. Petitioner did not obtain receipts for *423 these purchases, but estimated that he expended approximately $ 7 to $ 10 an evening in this fashion. Petitioner failed to show that these costs were directly related to his business as required by section 274. E.g., Walliser v. Commissioner, 72 T.C. 433, 442 (1979). Accordingly, we sustain respondent's determination with respect to these amounts. 2. Automobile-Related Expenses
Petitioner claimed automobile-related expenses totaling $ 5,579. The entire amount was disallowed by respondent. Petitioner maintained contemporaneous records of the expenses he incurred by using a Wizard electronic organizer. Generally, the records indicate the destination to which petitioner traveled, the distance traveled, and the reason he was driving to that destination. Often, because his own car suffered mechanical problems, petitioner would borrow a car belonging to either his brother or a friend. He would often reimburse those persons who lent him cars by returning the cars with a full tank of gas. Travel expenses incurred in the pursuit of a trade or business while away from home and the costs of local transportation between places of business may be deducted. *424 Sec. 162. However, a taxpayer's cost of commuting between his personal residence and his place of employment is a nondeductible personal expense. Commissioner v. Flowers, 326 U.S. 465 (1946). Petitioner contends that he was "away from home" when working at the Clubs and that therefore his travel expenses are deductible. As discussed above, even assuming, as petitioner contends, that petitioner's personal residence was the Santa Clara residence, the Clubs where he was performing were clearly in the vicinity of his personal residence, and petitioner was not "away from home" when he was performing at the Clubs. In the alternative, petitioner contends that his home was a "regular place of business" within the meaning of Walker v. Commissioner, 101 T.C. 537 (1993) and Rev. Rul. 90-23, 1990-1 C.B. 28, and that therefore the expenses of travelling between the Santa Clara residence and the Clubs are deductible. Petitioner spent a limited amount of time at the Santa Clara residence, not even maintaining a telephone line there. It was convenient for petitioner to store some items at the *425 Santa Clara residence and to prepare occasionally promotional items while there. These conveniences were incidental to petitioner's business activities. He did not work or perform services at the Santa Clara residence on a regular basis. It is clear from the record that during 1991, petitioner's only regular places of business were the Clubs. Based upon the record before us, we cannot find that the Santa Clara residence was a "regular place of business" for petitioner or that he was "away from home" when he was performing at the Clubs. Accordingly, most of the automobile-related expenses that petitioner has attempted to deduct are commuting costs. With respect to that portion of the costs, we sustain respondent's determination. A small portion of the mileage expense claimed by petitioner is, however, allowable under section 162. We are satisfied by the record in this case that petitioner's travel between the Clubs is deductible. See Green v. Commissioner, 59 T.C. 456, 459 (1972). During 1991, petitioner traveled 160 miles between the Clubs. That portion of his automobile-related expense is deductible. Accordingly, we sustain respondent's determination *426 with respect to the automobile expenses claimed by petitioner, with the exception of the 160 miles traveled between the Clubs. 3. Telephone Expenses
Petitioner claimed a deduction in the amount of $ 877 for telephone expenses. No documentation was submitted to support this deduction and petitioner acknowledged that the amount was estimated. Petitioner did not maintain his own telephone, instead relying on his brother and friends to allow him to use their telephones. He also used public telephones. We are persuaded that petitioner incurred some telephone expenses in the course of conducting his trade or business as a singer-song stylist. In the absence of records, we are constrained to estimate the amount of the expenses he incurred. Petitioner estimated that he incurred telephone expenses in the amount of $ 73 a month. Based upon the record, we estimate that petitioner incurred $ 18 a month in telephone expenses related to his trade or business. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). Accordingly, we sustain respondent's determination with respect to the telephone expenses only in part. 4. Tax Return Preparation Fees
*427 Petitioner claimed a deduction in the amount of $ 150 for tax return preparation fees. Respondent determined that this amount was not deductible and disallowed it in its entirety. Respondent later conceded that petitioner is entitled to a deduction in the amount of $ 100. Petitioner paid his accountant a total of $ 150 to prepare his 1991 Federal income tax return. Some part of the tax return preparation fee was clearly a nondeductible personal expense. Sec. 262. Petitioner has failed to convince us that respondent's conclusion that one-third of the expense was personal in nature is erroneous. Consequently, we sustain respondent's determination to the extent that it has not been conceded. Rule 142(a); Welch v. Helvering, 290 U.S 111, 115 (1933). 5. Accuracy-Related Penalty
The final issue for decision is whether petitioner is liable for the accuracy-related penalty for negligence under section 6662(a). Section 6662(a) and (b)(1) provides that if any portion of an underpayment of tax is attributable to negligence or disregard of rules or regulations, then there shall be added to the tax an amount equal to 20 percent of the amount of the underpayment *428 which is so attributable. The term "negligence" includes any failure to make a reasonable attempt to comply with the statute, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Petitioner has the burden of proving that respondent's determination of the penalty is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Despite our conclusion that petitioner is not entitled to certain of the deductions claimed on his 1991 income tax return, we are persuaded on the basis of the entire record, particularly petitioner's record-keeping efforts, his reliance on a professional return preparer, and his testimony, that petitioner made a reasonable attempt to comply with the statute. Thus, we do not sustain respondent's determination that petitioner is liable for the accuracy-related penalty for negligence under section 6662(a). 6. Conclusion
To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner was also obligated by contract to perform as a singer-song stylist at the Clubs on Tues., Dec. 3, 10, and 17, 1991, from 7:30 p.m. to 10:00 p.m.↩
3. Additional requirements are imposed by sec. 274(a), apart from the substantiation requirements of sec. 274(d)↩.
4. Some of the copies of the receipts were not entirely legible, but $ 177.70 appears to be the total of the receipts.↩