T.C. Memo. 1996-77

UNITED STATES TAX COURT

EUGENE C. JOSEPH, SR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7574-95.                    Filed February 26, 1996.

Eugene C. Joseph, Sr., pro se.

<u>John T. Lortie</u>, for respondent.


MEMORANDUM OPINION

PARR, <u>Judge</u>:  This case is presently before the Court on respondent's motion for partial summary judgment filed December 11, 1995, pursuant to Rule 121.[1]

---

[1] All rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the taxable year in issue, unless otherwise indicated.

By statutory notice, dated March 6, 1995, respondent determined a deficiency in petitioner's Federal income tax for tax year 1986 of $13,147 and additions to tax under sections 6651(a)(1) and 6654 in the amounts of $3,287 and $635, respectively.

Petitioner, Eugene C. Joseph, Sr., resided in Sunrise, Florida, on March 15, 1995, the date the petition was filed. In his petition, petitioner asserted, among other things, that the statute of limitations was a bar to assessment and collection of the tax and additions determined by respondent for taxable year 1986. Respondent answered the petition on June 23, 1996, asserting, among other things, that respondent's determination was not barred by the statute of limitations. On January 10, 1996, petitioner filed a motion objecting to respondent's motion for partial summary judgment.

The sole issue presented for summary adjudication is whether the statute of limitations for the taxable year ended December 31, 1986, had expired at the time that respondent mailed the notice of deficiency to petitioner. We hold that it did not.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  A motion for summary judgment will not be granted if there is a genuine issue of material fact.  Gulfstream Land & Dev. v. Commissioner, 71 T.C. 587 (1979).  The facts presented below, which are sufficient to resolve the legal issue presented, are not in dispute.

Background

On June 8, 1987, petitioner filed a Form 1040, Individual Income Tax Return, for the taxable year 1986.  This form was not signed; it contained the statement "5th" in the space provided for petitioner's signature.  The statutory notice of deficiency, upon which this case is based, was sent to petitioner on March 6, 1995.

Statute of Limitations

Petitioner claims that the assessment and collection of a deficiency in income tax for the taxable year 1986 is barred by

the statute of limitations. Respondent contends that petitioner failed to file a valid return for 1986, and therefore the income tax deficiency for that year may be assessed at any time under section 6501(c)(3).

Generally, assessment must be made within 3 years after filing of a return. Sec. 6501(a). However, in the case of failure to file a return, the tax may be assessed at any time. Sec. 6501(c)(3).

The statute of limitations is a defense in bar and not a plea to the jurisdiction of this Court. Robinson v. Commissioner, 57 T.C. 735, 737 (1972). Petitioner has the burden of proving that a return was filed, the date of such filing, and when the statute of limitations expired. Miami Purchasing Serv. Corp. v. Commissioner, 76 T.C. 818, 823 (1981); Robinson v. Commissioner, supra at 737. Respondent bears the burden of proving that any extension of the statute of limitations is applicable. Miami Purchasing Serv. Corp. v. Commissioner, supra.

In Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986), this Court distilled the essence of the Supreme Court's test to determine whether a document constitutes a tax return for statute of limitations purposes. Those essential elements, as set out in Beard v. Commissioner, supra at 777, are as follows:

> First, there must be sufficient data to calculate [a] tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to

satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury.

In regard to the fourth requirement, section 6065 requires that returns be verified in writing under penalty of perjury.

On June 8, 1987, petitioner mailed to respondent an unexecuted Form 1040, described supra on page 3. It is well established that the filing of an unsigned document does not rise to the level of a "return," and therefore such a document does not start the running of the statute of limitations against respondent. Lucas v. Pilliod Lumber Co., 281 U.S. 245, 249 (1930); Beard v. Commissioner, supra at 777; Richardson v. Commissioner, 72 T.C. 818, 823 (1979); see Sloan v. Commissioner, 102 T.C. 137, 143 (1994), affd. 53 F.3d 799 (7th Cir. 1995). Therefore, we conclude that the assessment against petitioner of any income tax deficiency for the taxable year 1986 was not barred by the statute of limitations contained in section 6501(a) on March 6, 1995, when respondent issued the notice of deficiency.

Rather than sign the Form 1040 submitted to respondent on June 8, 1987, petitioner wrote "5th" on the signature line. The Fifth Amendment privilege against self-incrimination protects an individual from being compelled to disclose information that could reasonably be expected to furnish evidence needed to prosecute the claimant for a crime. Kastigar v. United States, 406 U.S. 441, 445 (1972); Hoffman v. United States, 341 U.S. 479,

486 (1951).  The requirements that taxpayers shall prepare and file their tax returns do not violate the Fifth Amendment privilege against self-incrimination.  <u>United States v. Sullivan</u>, 274 U.S. 259 (1927); <u>Kasey v. Commissioner</u>, 457 F.2d 369, 370 (9th Cir. 1972), affg. 54 T.C. 1642 (1970).  The Fifth Amendment privilege only applies when the possibility of self-incrimination is a real danger, not a remote and speculative possibility. <u>Steinbrecher v. Commissioner</u>, 712 F.2d 195, 197 (5th Cir. 1983).

For the reasons stated herein, respondent's motion for partial summary judgment is granted.

<u>An appropriate order will be issued.</u>