T.C. Memo. 1997-447


UNITED STATES TAX COURT


EUGENE C. JOSEPH, SR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7574-95.                    Filed September 30, 1997.


Eugene C. Joseph, Sr., pro se.

<u>John T. Lortie</u>, for respondent.


MEMORANDUM OPINION


PARR, <u>Judge</u>:   Respondent determined a deficiency in, and

additions to, the income taxes of petitioner as follows:

|      |            | Additions to Tax | |
|------|------------|----------|-----------|
| <u>Year</u> | <u>Deficiency</u> | <u>Sec. 6651</u> | <u>Sec. 6654</u> |
| 1986 | $13,147 | $3,287 | $635 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are:  (1) Whether petitioner is entitled to claimed deductions for business expenses for the year 1986.  We hold he is to the extent set out below.  (2) Whether petitioner is liable for an addition to tax under section 6651 for the year 1986.  We hold he is.  (3) Whether petitioner is liable for an addition to tax under section 6654 for the year 1986.  We hold he is.

Some of the facts have been stipulated and are so found. The stipulated facts and accompanying exhibits are incorporated herein by this reference.  Petitioner resided in Sunrise, Florida, at the time the petition was filed.

In 1986, petitioner was employed by U.S. Geological Services, Inc.  This was an S corporation of which petitioner was the sole stockholder and its only employee.  The corporation was located in Las Vegas, Nevada, and its business purpose was to negotiate oil and gas leases.

In connection with petitioner's business, petitioner claimed

on his 1986 Federal income tax return the following income[1] and expenses:

| | | |
|---|---:|---:|
| Gross receipts | $37,850 | |
| Advertising | | $2,480 |
| Bank service charges | | 69 |
| Car and truck expenses | | 6,980 |
| Commissions | | 4,440 |
| Dues and publications | | 990 |
| Freight | | 140 |
| Insurance | | 1,400 |
| Legal and professional services | | 600 |
| Office expense | | 798 |
| Rent on business property | | 2,400 |
| Repairs | | 2,006 |
| Supplies | | 985 |
| Taxes | | 398 |
| Travel and entertainment | | 698 |
| Utilities and telephone | | 1,295 |
| Airline travel | | 1,490 |
| Hotel | | 895 |
| Answering service | | 185 |
| Taxi and bus | | 390 |
| Total expenses | | $28,639 |

Respondent determined that all of petitioner's claimed

business deductions were disallowed for lack of substantiation.

Petitioner kept records of his business expenses for 1986;

however, these records were destroyed in a fire in Trenton, New

Jersey, in 1988 or 1989.

Business Deductions

Respondent disallowed all of petitioner's claimed business

deductions for lack of substantiation.  Petitioner asserts that

he is entitled to deduct the entire amount of $28,639.

---

[1]    Petitioner further reported interest income of $277 and gambling winnings of $782 for 1986.

We begin by noting that, as a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are strictly a matter of legislative grace, and the taxpayer has the burden of establishing entitlement to any deduction claimed on the return. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

The taxpayer's burden of establishing his entitlement to a deduction includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). The Court is not bound to accept unverified, undocumented testimony of the taxpayer. Id. Accordingly, section 6001 and the regulations promulgated thereunder require the taxpayer to maintain records sufficient to enable the Commissioner to determine the taxpayer's correct tax liability. Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

As a general rule, the mere fact that a taxpayer cannot prove the precise amount of an otherwise deductible item is ordinarily not fatal because we may, if the trial record provides sufficient evidence, estimate the amount of the deductible expenses incurred. Cohan v. Commissioner, 39 F.2d 540 (2d Cir.

1930).  However, the estimate must have some reasonable evidentiary basis.  <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 743 (1985).  The estimate must show that at least the estimated amount was actually spent or incurred for the stated purpose. <u>Williams v. United States</u>, 245 F.2d 559 (5th Cir. 1957). However, in making an estimate, the Court may bear heavily on the taxpayer whose inexactitude is of his own making.  <u>Cohan v. Commissioner</u>, <u>supra</u>.

Section 162(a) provides in relevant part that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  The regulations promulgated thereunder state that only those ordinary and necessary business expenses "directly connected with or pertaining to the taxpayer's trade or business" may be deducted.  Sec. 1.162-1(a), Income Tax Regs.

Whether an expense is "ordinary and necessary" is generally a question of fact.  <u>Commissioner v. Heininger</u>, 320 U.S. 467, 475 (1943).  To be "necessary" within the meaning of section 162, an expense need only be appropriate and helpful to the taxpayer's business.  <u>Welch v. Helvering</u>, <u>supra</u> at 113.  To be an "ordinary" expense, "the transaction which gives rise to it must be of common or frequent occurrence in the type of business involved". <u>Deputy v. du Pont</u>, <u>supra</u> at 495 (citing <u>Welch v. Helvering</u>, <u>supra</u> at 114).

Under section 274(d), no deduction may be allowed for expenses incurred for travel, entertainment, or certain other expenses, on the basis of any approximation or the unsupported testimony of the taxpayer.  See, e.g., Joly v. Commissioner, T.C. Memo. 1995-413.  Section 274(d) imposes stringent substantiation requirements to which taxpayers must strictly adhere.  Thus, section 274(d) specifically proscribes deductions for travel or entertainment expenses in the absence of adequate records or of sufficient evidence corroborating the taxpayer's own statement. Id.

Section 274(d)(4) also provides that no deduction is allowable with respect to listed property, as defined in section 280F(d)(4), unless the deductions are substantiated in accordance with the strict substantiation requirements of section 274(d) and the regulations promulgated thereunder.  Included in the definition of listed property in section 280F(d)(4) is any passenger automobile or any other property used as a means of transportation.  Sec. 280F(d)(4)(A)(i), (ii).

To substantiate a deduction attributable to listed property, a taxpayer must maintain adequate records or present corroborative evidence to show the following:  (1) The amount of the expense; (2) the time and place of use of the listed property; and (3) the business purpose of the use.  Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6,

1985).  In order to substantiate a deduction by means of adequate records, a taxpayer must maintain a diary, a log, or a similar record, and documentary evidence which, in combination, are sufficient to establish each element of each expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  To be adequate, a record generally must be written.  Furthermore, each element of an expenditure or use that must be substantiated should be recorded at or near the time of that expenditure or use.  Sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Thus, under section 274(d), as it applies to listed property, no deduction may be allowed for expenses incurred for use of a passenger automobile or any other property used as a means of transportation on the basis of any approximation or unsupported testimony of the taxpayer.  See, e.g., Golden v. Commissioner, T.C. Memo. 1993-602.

We must now determine whether petitioner is entitled to deduct expenses allegedly incurred in his business activity of negotiating oil and gas leases.  Petitioner provided no written substantiation for any of these expenses; however, this was not due to his own inexactitude.  To explain his lack of substantiation, petitioner testified that all of his records had been destroyed in a fire.

When a taxpayer's records have been destroyed or lost due to circumstances beyond his control, he is generally allowed to substantiate his deductions through secondary evidence. A taxpayer in this type of situation may reconstruct his expenses through other credible evidence. Watson v. Commissioner, T.C. Memo. 1988-29; sec. 1.274-5(c)(5), Income Tax Regs. If no other documentation is available, we may, although not required to do so, accept credible testimony of a taxpayer to substantiate a deduction. Watson v. Commissioner, supra.

Petitioner's testimony regarding his business expenses was candid and credible. Petitioner testified that he kept books and receipts. Further, he was able to itemize certain expenditures in detail at trial. In contrast, respondent did not controvert petitioner's testimony in any respect. Respondent neither questioned whether petitioner was in fact involved in a "business", nor claimed that any of petitioner's deductions were fabricated or overstated. Further, respondent did not challenge petitioner's claim that his records were destroyed in a fire.

The amounts claimed as business deductions by petitioner in 1986 are allowable provided the expenditures were ordinary and necessary in petitioner's trade or business. Sec. 162(a). As stated above, we believe that petitioner has met his burden of substantiating that he actually incurred the expenses.

Furthermore, it is clear that, since petitioner reported $37,850 in gross receipts, he must have incurred some business expenses.

Thus, respondent's complete disallowance of petitioner's deductions cannot be sustained. Nor can petitioner's deductions be allowed in full, as he has not satisfied the stringent requirements of section 274(d). Section 274(d) requires petitioner to substantiate the business use of his automobile or other property used as a means of transportation by keeping adequate records of his business use. Further, section 274(d) requires petitioner to substantiate his travel and entertainment expenses. Petitioner has not provided the Court with any evidence to support these expenditures. Since petitioner failed to do so, he is not entitled to such deductions.

Accordingly, we sustain respondent's disallowance of petitioner's deductions for car and truck, travel and entertainment, airline travel, hotel, taxi, and bus expenditures. The remaining deductions claimed are allowed.

Addition to Tax Under Section 6651(a)

Respondent determined an addition to tax under section 6651(a) for failure to file a return. Petitioner asserts that he is not liable for this addition to tax. Under section 6012(a), petitioner was required to file a return for 1986. In light of the foregoing, we sustain the addition to tax.

We discussed at length whether petitioner in fact filed a return for 1986 in our previous opinion regarding respondent's motion for partial summary judgment, <u>Joseph v. Commissioner</u>, T.C. Memo. 1996-77.  We concluded that petitioner did not file a return for 1986, and our discussion does not merit repetition here.

Accordingly, respondent's addition to tax under section 6651(a) is sustained.[2]

<u>Addition to Tax Under Section 6654</u>

Respondent determined an addition to tax under section 6654 for underpayment of individual estimated tax.  Petitioner asserts that he is not liable for this addition to tax.  Petitioner failed to pay his estimated tax.  Accordingly, in light of the foregoing, we sustain the addition to tax.[3]

For the foregoing reasons,

<u>Decision will be entered under Rule 155</u>.

---

[2]     This addition, however, must be recomputed taking into account petitioner's allowable business deductions.

[3]     This addition, however, must be recomputed taking into account petitioner's allowable business deductions.